## WM. ROSS, in error, *v.* THOS. C. CROW.

REVENUE LAWS. *Construction of acts. Sale before payment of tax on whiskey, void only when made with intent to defraud the revenue. Contracts contrary to acts of Congress.* A sale of brandy before payment of the tax imposed by the revenue laws, is not void unless made with intent to avoid the payment of the revenue.

Cases cited: McGavock *v.* Puryear, 9 Heis., 461; Yerger *v.* Rainie, 4 Hum., 259. `

### FROM GREENE.

Appeal from the Circuit Court. E. E. GILLENWATERS, Judge.

INGERSOLL & WILSON for plaintiff.

PETTIBONE & ROBINSON for defendant.

MCFARLAND, J., delivered the opinion of the court.

Crow brought this action, averring in his declaration that in December, 1866, he sold the defendant Ross three hundred gallons of brandy, for which Ross was to pay him $1.25 per gallon, and also to pay the United States revenue tax of $2.00 per gallon; that the $1.25 per gallon was paid, but the defendant failed to pay the United States revenue tax, and the plaintiff was compelled to pay it himself, and brings this action to recover the amount.

The defense principally relied upon is, that the

contract was absolutely void, being in contravention of the United States statutes against the sale or removal of distilled spirits, before the payment of taxes. We are referred to two acts of Congress, one approved 30th June, 1864, the other the 13th July, 1866, as embodying the law in force at the time this contract was made. The 48th section of the first named act provides that goods upon which duties are imposed, found in the possession of any one for the purpose of being removed in fraud of the revenue laws, or with design to avoid the payment of said duties, may be seized and declared forfeited to the United States, and the offender is subjected to fine and imprisonment. The 180th section of the same act provides that if any person liable to pay such tax shall sell the article before the tax is paid, with intent to avoid the tax, the debt contracted on the sale shall be void and not enforceable in any court, unless the security given be in the hand of an innocent holder. Thus stood the law under this act, and by its express terms such sales are void and the debt not collectable in the hands of the vendors, if the sale was made *with the intent to avoid the tax.*

By the 45th section of the act of 1866, it is enacted "that any person who shall remove any distilled spirits otherwise than into a bonded warehouse, as provided by law, shall be liable to a fine, etc., and imprisonment; and any spirits so removed, and all distilled spirits found elsewhere than in a bonded warehouse, not having been removed according to law, and the taxes not having been paid, shall be forfeited

to the United States, or may be seized upon discovery and sold for taxes and expenses." This act is silent as to the effect of sales in contravention of this section. The argument for the plaintiff Crow is, that at most, sales can only be declared void when the sale or removal was made *with intent to avoid the tax,* as declared by the 180th section of the first named act. This was certainly so under the first act. Only removal, *with intent to avoid the tax,* was prohibited, and only with intent to avoid the tax are declared void. But the act of 1866 makes unlawful the removal of distilled spirits, except to a bonded warehouse, *without regard to the intent,* but says nothing as to whether a contract made in contravention of the prohibition may or may not be enforced. A legislative act may prohibit the doing of a particular thing and make it unlawful, subjecting the offender to penalties, yet the act may not intend to render void contracts made in contravention thereof. Whether such be the intent is to be gathered from the entire act, and the intent of the law-making power, when ascertained, must control. When an act prohibiting a particular thing being done is silent as to the effect of a contract made in contravention thereof, and there be nothing in the act from which a contrary intent can be drawn, the contract will be held void. Such is the reasoning of Justice Swayne, in *Harris* v. *Runnells,* 12 Howard. That case was upon the question whether the price of a slave, carried into the State of *Mississippi* and sold in violation of the statutes of that State, could be recovered. The court held that it

Ross *v.* Crow.

might be; that it was the intention of the act to prohibit the importation and sale except under certain regulations, but it was not the purpose to render void all contracts of sale. The result was reached upon a consideration of the particular terms and objects of the statutes of *Mississippi*. The case is authority only for general principles announced.

It will be observed that in the act of 1866, there is nothing prohibiting a sale of distilled spirits. It is the removal that is prohibited, and a sale might doubtless be made which would be lawful under both acts; that is, if the sale was not with the intent to avoid the tax, it would not be void under the terms of the first act. If the sale should not contemplate a removal in violation of the second act, it would not come under the prohibition of this latter act. The act of 1866 repeals all laws inconsistent with its provisions. The 48th and 180th sections of the act of 1864 are not inconsistent with the act of 1866, so that these sections were still in force, and from this it would result that a sale of spirits before the payment of taxes, *with intent to avoid the tax,* was void and could not be enforced in any court, by the express provisions of the 180th section of the act of 1864, *whether the sale contemplated a removal of the spirits before paying the taxes or not.* But the act of 1866 prohibits a removal of the spirits, except in the prescribed mode, and annexes severe penalties *without re·gard to whether the removal was with a fraudulent intent or not.* Now while this does not prohibit a sale, yet the question is, whether a contract of sale which stip-

ulates as a part of its terms for an unlawful removal is valid or capable of being enforced? The plaintiff's testimony tended to show that it was a part of the stipulations of the sale that he was to deliver the brandy at Kingsport, in Sullivan county, it having been distilled in Carter county, and that it was not expected that the defendant was to pay the taxes until the delivery. This stipulation for a delivery at Kingsport involved a removal, and it was for the jury to say whether this was a removal other than to a bonded warehouse, as specified by the act. Is a sale, then, which stipulates as part of its terms that the spirits are to be removed, in violation of the act of 1866, void?

The general rule, as stated by Justice Swayne, in *Harris* v. *Runnells*, before referred to, is, "contracts in violation of statutes are void, and they are so, whether the consideration to be performed or the act to be done be a violation of the statute." So this court held in *McGavock* v. *Puryear*, 9 Heis., 461, that a loan of money was not so illegal as to prevent the collection of the note given therefor, merely because the creditor knew of a purpose upon the part of the borrower to use the money for an illegal object, but that it would be otherwise if the consideration stipulated *for* was an agreement to do an illegal act. Here the contract sued upon is the promise of the defendant to pay the sum of money sued for. Assuming that the consideration of this promise was the agreement of the plaintiff to remove three hundred gallons of brandy, in violation of the act of Congress,

Ross v. Crow.

and deliver it to the defendant, and that this was done, it makes a case where the consideration to be performed is in violation of a positive statute, an agreement to do what is positively forbidden under severe penalties, and this under the general rule makes the contract void. But it is argued that as the act of 1866 is silent as to what contracts shall be void, that only those shall be void, declared so by the 180th section of the act of 1864—that is, sales with intent to avoid the tax. If this section were a part of the act of 1866, the argument would probably be conclusive; but the act of 1866 makes unlawful, acts that were not unlawful under the act of 1864, and being silent as to the effect of contracts made in contravention of it, the general rule laid down in the case of *Harris* v. *Runnells*, which case is cited and relied upon by plaintiff's counsel is, that the contract is void, unless we can see from the entire act, or the nature of the act prohibited, that it was not the purpose of Congress that the sale should be void. There is an apparent injustice in allowing the party who has received the consideration to avoid the payment, upon the ground of the illegality; thus, while it is punishing one party severely, it is apparently offering a premium to the other; and for this reason and to avoid this result, courts have often made exceptions to the rule—many of them upon perhaps unsubstantial ground. We can see no substantial ground for an exception in this case; further refinements, we think, would but tend to break down the rule altogether, and this we are hardly prepared to do. The general rule

Ross *v.* Crow.

has been recognized in this State, that a contract in violation of a positive statute is void. See *Yerger* v. *Rainie*, 4 Hum., 259.

We held, in a recent case at Jackson, that a contract between a citizen of a loyal State and a subject of one of the Confederate States during the late war, by which the former paid to the latter a large sum of money, $100,000, in purchase of cotton, was absolutely illegal, although the cotton was not to be delivered until after the close of the war, and that the money paid could not be recovered back, as the payment of the money from the one to the other was in direct violation of the acts of Congress, and to the laws and usages of these as to non intercourse.

We hold, therefore, that the circuit judge should have instructed the jury, that if the sale in this case was before the tax was paid, and with intent to avoid the tax, then the sale was void, whether an unlawful removal was contemplated or not, and the plaintiff could not recover; and further, if the defendant's promise to pay was in consideration of the plaintiff's agreement to remove the spirits elsewhere than into a bonded warehouse, and there deliver the same to defendant, the contract would be illegal without regard to the intent of the removal. The judge said to the jury, as "the sale is not void under the revenue laws because made before the payment of the tax," further instructions were asked and refused.

The judgment must be reversed.

Ross *v.* Crow.

We have considered this case upon a petition to re-hear. It is argued that the removal of the brandy in this case, if it was unlawful at all, was an unlawful removal *out of or from* a bonded warehouse. This was forbidden by the act of 1864. The act of 1866 was intended to compel the distillers to remove their distilled spirits from the still *into* the bonded warehouse, and therefore forbid under a severe penalty a removal from the place where distilled, elsewhere than into a bonded warehouse. The manner in which it could be lawfully removed *out of* the bonded warehouse, was provided for in the previous act of 1864. It is insisted in this case that the brandy had been removed from the distillery into the plaintiff's private bonded warehouse as provided by law, there being no public bonded warehouse; that the distiller might provide a place or warehouse to deposit his spirits, and upon notifying the proper revenue officer and giving bond and obtaining license, the spirits would then be in the bonded warehouse as required by law, and in the custody of the revenue officer; and that all this was done in this case, and if the removal was unlawful, it was because in violation of the act of 1864, as to the manner of removal from a bonded warehouse. We did not express any opinion upon these disputed questions of fact. But upon such a state of facts, it would seem to follow that as the law violated was the act of 1864, only such contracts should be declared void as are declared void by that act; and upon further consideration, we have determined to modify the foregoing opinion to the extent

of holding that contracts of sale shall be held void, only when they come within the purview of the 180th section of the act of 1864; that is, when made before the payment of the tax, with the intent to avoid the tax. We may arrive at this conclusion by construing the acts of 1864 and 1866 as parts of the same acts, and as such contracts are in terms declared void by the act of 1864 and no other, we may fairly conclude that it was not intended that any other violations of the acts should avoid contracts made in contravention thereof; but still the judgment in this case must be reversed. Although the special instructions asked were not proper, yet it was error for the court to say to the jury that the sale was not void under the revenue law because made before payment of taxes, without more. The charge should have been, that the sale was not void unless made with intent to avoid the payment of the taxes.

The judgment of reversal heretofore entered will stand.